UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

CHRISTOPHER R. CREIGHTON,

    Plaintiff,

v.                                            Case No. 3:17cv638-RV-CJK

GULF BREEZE POLICE
DEPARTMENT, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

This matter is before the court on plaintiff's civil rights complaint. (Doc. 1). The complaint was referred to the undersigned for screening under 28 U.S.C. § 1915(e)(2)(B). For the reasons that follow, the undersigned recommends that this case be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) due to plaintiff's failure to state a claim on which relief may be granted.

## BACKGROUND

Plaintiff is a pretrial detainee currently confined at the Santa Rosa County Jail in Milton, Florida. His complaint names 5 defendants: the Gulf Breeze Police Department ("GBPD"); Officer B. Scapin; Officer S. Banks; Sergeant Roberson; and Investigator Baker. The individual defendants are employees of the GBPD. The complaint sets forth the factual allegations that follow.

On May 31, 2017, plaintiff was driving east on Highway 98 through Gulf Breeze. Officer Banks pulled plaintiff's vehicle over for window tint violations. Because (and by his own account) plaintiff had an outstanding violation of probation charge in Escambia County, he provided Banks with a false name. A passenger in plaintiff's vehicle threw drugs into the back of the vehicle and told plaintiff "not to worry about it." Banks asked plaintiff for his registration and insurance information and told plaintiff the reason for the traffic stop. Plaintiff said he "was borrowing the vehicle and didn't know the tint was illegal" and he "had no idea what was in the car[.]" Banks asked plaintiff to exit the vehicle. Banks also asked whether plaintiff "had anything that might get [him] in trouble." Plaintiff gave Banks his work knife then (again by his own account) "took off running." Plaintiff was tackled in the median and "gave up immediately." While Banks was trying to handcuff plaintiff, Officer Scapin "slammed his knees into [plaintiff's] back and crushed Officer Banks' finger." Plaintiff asserts he "had both hands behind [his] back [and he] was not resisting." The officers "finished cuffing [plaintiff] and continued to knee [him] in the back and neck area while [he was] cuffed." Plaintiff "suffered a concussion and memory loss at first."

The officers subsequently placed plaintiff in the back of Officer Banks' police cruiser. Plaintiff observed "at least 5 officers search the front and back of the Tahoe vehicle [he] was borrowing." The officers "never asked to search the vehicle nor

did they get a [canine] to alert on [the] vehicle to do a legal search." During the initial search of the vehicle, the officers discovered a concealed weapon. After the vehicle was taken to the police impound lot, plaintiff suggests Sergeant Roberson and Investigator Baker discovered drugs in the vehicle after they "manufactured" a "fake call to create probable cause so a legal search could be performed."

Plaintiff indicates "the legality of the tint on the vehicle was never checked and no citations were written which makes the probable cause null and void for the whole incident making everything that transpired illegal[.]" He further indicates he is "not guilty of the drugs, the concealed weapon, the battery on a [law enforcement officer] or resisting with violence."

Based on the foregoing, plaintiff alleges: (1) defendants violated his personal rights to privacy; (2) he was battered and assaulted; (3) he was harassed and profiled; (4) he was discriminated against; (5) defendants "broke the law by unlawfully stopping [him with] no probable cause"; (6) defendants unlawfully searched the vehicle with "no permission or dog alerting on [the] vehicle . . . at the scene"; and (7) defendants "tampered with evidence and unlawfully charged [plaintiff] in case by placing [plaintiff's identification card] in drugs and manufacturing the anonymous unknown call for probable cause." As relief, plaintiff believes "all charges should be dropped" and he requests $500,000 in damages "due to the mental

stress, anxiety, and infringement on [his] rights to privacy and taking away [his] freedom unlawfully."

## DISCUSSION

Title 28 U.S.C. § 1915 mandates that the district court dismiss an *in forma pauperis* action if the court determines that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6). *See Mitchell v. Farcass*, 112 F.3d 1483, 1485 (11th Cir. 1997). In applying the standard, the court accepts all well-pleaded factual allegations in the complaint as true and evaluates all reasonable inferences derived from those facts in the light most favorable to the plaintiff. *See Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1483 (11th Cir. 1994); *see also Franklin v. Curry*, 738 F.3d 1246, 1251 (11th Cir. 2013) (holding that courts must follow the Supreme Court's "'two-pronged approach' of first separating out the complaint's conclusory legal allegations and then determining whether the remaining well-pleaded factual allegations, accepted as true, 'plausibly give rise to an entitlement to relief.'") (*quoting Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause

of action will not do.'" *Iqbal*, 556 U.S. at 678 (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

As the Supreme Court reiterated in *Iqbal*, although Rule 8 of the Federal Rules of Civil Procedure does not require detailed factual allegations, it does demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." 556 U.S. at 678. A complaint must state a plausible claim for relief, and "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The mere possibility that the defendant acted unlawfully is insufficient to survive dismissal for failure to state a claim. *Id.* The complaint must include "[f]actual allegations . . . [sufficient] to raise a right to relief above the speculative level," *Twombly*, 550 U.S. at 555, or, "nudge[] the[] claim[] across the line from conceivable to plausible[.]" *Id.* at 570.

It is apparent from the face of plaintiff's complaint that the *Younger* abstention doctrine bars this court from considering plaintiff's allegations. The Supreme Court held in *Younger v. Harris*, 401 U.S. 37 (1971) that federal courts must abstain from interfering with pending state criminal proceedings unless: "(1) there is evidence of state proceedings motivated by bad faith, (2) irreparable injury would occur, or (3) there is no adequate alternative state forum where the constitutional issues can be raised." *Hughes v. Att'y Gen. of Fla.*, 377 F.3d 1258, 1263 n.6 (11th Cir. 2004)

(*citing Younger*, 401 U.S. at 45, 53-54). Plaintiff's allegations do not establish, or support an inference, that plaintiff's prosecution is motivated by bad faith. *See Carden v. Montana*, 626 F.2d 82, 84 (9th Cir. 1980) ("Only in cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction . . . is federal injunctive relief against pending state prosecutions appropriate.").

Plaintiff further fails to show that the "irreparable injury" exception applies. *See Younger*, 401 U.S. at 53-54 (holding irreparable injury exists if the statute under which a defendant is being prosecuted is "flagrantly and patently violative of express constitutional prohibitions in every clause, sentence and paragraph, and in whatever manner and against whomever an effort might be made to apply it" or if unusual circumstances exist that would call for equitable relief) (*citing Watson v. Buck*, 313 U.S. 387, 402 (1941)); *Kugler v. Helfant*, 421 U.S. 117, 123-25 (1975) (holding irreparable injury does not include injury which is incidental to every prosecution brought lawfully and in good faith) (*citing Younger*, 401 U.S. at 46).

Plaintiff has an adequate state forum in which to raise his claims. Plaintiff may raise his constitutional claims in his state criminal proceedings. Because it appears from the face of plaintiff's complaint that the *Younger* abstention doctrine bars this court from interfering in plaintiff's state criminal proceeding, this action should be dismissed. *See Turner v. Broward Sheriff's Office*, 542 F. App'x 764, 766

(11th Cir. 2013) ("Under the *Younger* doctrine, federal courts are required to abstain if the state criminal prosecution commenced before any proceedings of substance on the merits have taken place in federal court[.]").

Accordingly, it is respectfully RECOMMENDED:

1. That this case be DISMISSED WITHOUT PREJUDICE under 28 U.S.C. § 1915(e)(2)(B)(ii) due to plaintiff's failure to state a claim on which relief may be granted.

2. That the clerk be directed to close the file.

At Pensacola, Florida, this 29th day of August, 2017.

*/s/* *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon the Magistrate Judge and all other parties. A party failing to object to a Magistrate Judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* U.S. Ct. of App. 11th Cir. Rule 3-1; 28 U.S.C. § 636.

Case No. 3:17cv638-RV-CJK